# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-0003V
### Filed: April 24, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

KIMBERLY DURGALA,      *

     *

     Petitioner,      *      Ruling on Entitlement; Concession;

     *      Influenza or Flu Vaccine;

     *      Shoulder Injury Related to

SECRETARY OF HEALTH      *      Vaccine Administration; SIRVA;

AND HUMAN SERVICES,      *      Special Processing Unit

     *

     Respondent.      *

     *

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Michael McLaren, Esq. Black, McLaren, Jones, Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Ann Martin, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On January 5, 2015, Kimberly Durgala filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ["SIRVA"] which was caused by the trivalent influenza vaccine she received on November 25, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 24, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent "has concluded that a preponderance of evidence establishes that the injury to petitioner's left shoulder was caused-in-fact by the

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

administration of her November 25, 2013, flu vaccine." *Id.* at 2. Respondent further agrees that petitioner's injury lasted for more than six months and "is not due to factors unrelated to the administration of the flu vaccine." *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master